IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT NO. 1-PCD, )
MARInE ENGINEERS' BENEFICIAL ASSOCIATION )
(AFL-CIO) )
400 North Capitol St, NW #800 )
Washington, DC 20001, )
)
        Plaintiff, )
)
v. )
)
DEPARTMENT OF THE NAVY )
1000 Navy Pentagon )
Washington, DC 20350-1000, )
)
        Defendant. )
_____ )

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522. Plaintiff Marine Engineers' Beneficial Association seeks injunctive and other appropriate relief for the processing and release of agency records that requested by Plaintiff and wrongfully withheld by Defendant Department of the Navy component, Military Sealift Command. Specifically, Plaintiff seeks disclosure of records concerning the awarding of RFP solicitation N000033-08-R-5302 lot 1.

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. §§ 552(a)(4)(B).

**Parties**

3. Plaintiff District No. 1-PCD, Marine Engineers' Beneficial Association (AFL-CIO) ("MEBA") is a "labor organization" within the meaning of Section 301 of the Federal Labor Management Relations

Act of 1947, 29 U.S.C. § 185. MEBA represents licensed marine engineers who work on board U.S.-flag ocean-going merchant vessels.

4. Defendant Department of the Navy ("Navy") is a Department of the Executive Branch of the United States Government. Navy is an "agency" within the meaning of 5 U.S.C. § 552(f). Military Sealift Command ("MSC") is a component within Defendant Navy.

### Plaintiff's FOIA Request and Defendant's Failure to Disclose the Requested Records

5. On April 29, 2010, by use of MSC's FOIA Request website, Plaintiff requested under the FOIA the following agency records:

> all information regarding RFP solicitation N000033-08-R-5302 lot 1, including the winning contractor's collective bargaining agreements with applicable wages and fringe benefits, as well as any and all documents, information, factors, memorandum or evaluations used in determining the winning bid.

6. Also on April 29, 2010, MSC acknowledged receipt of Plaintiff's FOIA request through its automated website. MSC assigned the FOIA request with the Case File Number: FOIA MSC 2010/OL043.

7. By email dated June 4, 2010 to MEBA Counsel Mr. Nils Djusberg, Ms. Lorna Taylor of MSC acknowledged receipt of the FOIA request and indicated that MSC was in the midst of processing the request.

8. To date, MSC has not disclosed any records responsive to plaintiff's FOIA request.

9. By letter dated August 19, 2010, Plaintiff appealed MSC's non-disclosure within the statutory time limit for processing of FOIA requests to the General Counsel of the Navy.

10. To date, the General Counsel of the Navy has not made a determination on the administrative appeal.

11. Defendant the Navy has violated the applicable statutory time limit for the processing of FOIA requests.

12. Furthermore, Defendant the Navy has violated the applicable statutory time limit for the determination of administrative appeals.

13. Plaintiff has exhausted the applicable administrative remedies.

14. Defendant the Navy has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information act for Wrongful Withholding of Agency Records

15. Paragraphs 1-14 above are hereby incorporated by reference as if set forth fully herein.

16. Defendant the Navy has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) (2010).

17. Plaintiff has exhausted the applicable administrative remedies with respect to Plaintiff's FOIA request.

18. Defendant the Navy has wrongly withheld responsive agency records from MEBA.

19. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. order Defendant the Navy and its component MSC to process immediately the requested records in their entirety;

B. order Defendant the Navy and its component MSC, upon completion of such processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

C. provide for expeditious proceedings in this action;

D. award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant other such relief as the Court may deem just and proper.

Dated: 9/30/10

Respectfully submitted,

*[signature]*

Nils R. Djusberg (D.C. Bar No. 987205)
MEBA Legal Counsel
444 N. Capitol St., N.W., Suite 800
Washington, D.C. 20001
(202) 638-5355 (Telephone)
(202) 638-5369 (Facsimile)

and

Barry S. Slevin (D.C. Bar No. 931998)
Jeffrey S. Swyers (D.C. Bar No. 454290)
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W., Suite 450
Washington, D.C. 20036
(202) 797-8700 (Telephone)
(202) 234-8231 (Facsimile)